Welch, J.,
dissenting. I can not concur in this opinion. It does not overrule the former Ohio decisions on the subject, and yet it narrows the ground upon which they stand, so as to make them utterly indefensible. I admit that they stand upon exceptional .ground — the weight of authority, outside of Ohio, being that a servant, without regard to his grade of authority or position, can nqt maintain an action against his employer, for the fault of a fellow-servant. But what is that exceptional ground ? A majority of this court confine it to cases of actual, direct authority of the servant at fault over the party injured, leaving the latter without remedy where the fault is outside of the authority of the former, and outside of the proper sphere of the latter, but committed by a servant engaged in another department of the common business. Accordingly, an .action is denied in the present case, to a brakeman upon a train of cars, because the injury he received was occasioned by the negligence of a conductor upon the colliding train; and he is told that, if the injury had resulted from the negligence of a con *198 ductor upon Ms own train, he could have maintained his action 1 This is not merely making a distinction without a difference ; it is-making a distinction against a party when the difference is in his-favor. And when we remember, that a principal reason why the fellow-servant is ever denied his action in such cases, is his supposed power to- interfere and prevent the injury, it is plain that the discrimination is not founded in principles of justice or public policy; and I deny that it is warranted by any just interpretation of the Ohio decisions referred to.
The Supreme Court of Wisconsin places these Ohio cases upon a much broader basis. The court (in Chamberlain v. *M. & M. R. R. Co., 11 Wis. 238) holds that a servant can maintain an action against his employer, for the fault of his fellow-servant, in all cases-where the party injured is not himself actually at fault; and the court bases its decision mainly upon the authority and reasoning of the court in the- Ohio cases referred to.
There is a wide difference between these interpretations, and I think the truth lies between them. I understand the principle established by our former adjudications to be this : The servant will be allowed his action, in such cases, when it appears that he could not have participated, or interfered to prevent the injury, without a breach of duty; in other words, where he could not have done so-without going out of his proper sphere-of action, and thus violatingthe rules and regulations of the business — which are nothing more or less than the laws of his employer. And .it matters not whether the-breach of duty consists in the violation of the laws of his employer, which regulate the authority of superior and inferior servants, or whether it consists in a violation of other laws prescribing the particular sphere of action for each. The case at bar falls clearly within this principle. It would certainly be as much a violation-of duty for the brakeman to go out of his proper sphere of action as such, and usurp the duties of a conductor, or indeed of any servant on another train, as it would be to usurp the duties of the conductor on his own train. In either case, he would be- guilty of insubordination, and would himself be liable to an action. His business lies within the circle prescribed for him by the laws of his employer. No employment-outside of that circle is a “ common employment ” to him. As long as he remains within it and does his duty there, his employer is bound to protect and indemnify him against the acts of other servants, with whom he has no community *199 of right or power to participate. He is bound to indemnify him as well against the acts of those placed upon another train, as of those-placed in authority over him on the same train. The business upon the two trains, at least as to the subordinate hands upon each, is, in no proper sense, a common business. And if, by a fiction, it is, in any sense and to any extent, to be considered as a ^common business, then I say, by the same fiction, and to the same extent,, the authority of the conductors on each must, necessarily, be a common authority over both. But I deny that it is, in any proper sense,, a common business, or that it is necessary to show any such common authority.
I am of opinion that the judgment of the court below should be affirmed.